AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 18-8412-DLB |
| Jorge Alberto VELASQUEZ, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by SP D.C.
OCT 01 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 12, 2018__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Sections 1326(a) and (b)(2) | Illegal re-entry after removal |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Andy Korzen, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10-1-2018

*Judge's signature*

City and state: West Palm Beach, FL

Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES v. JORGE ALBERTO VELASQUEZ**
**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), and have been so employed for over fifteen years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe that Jorge Alberto VELASQUEZ committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

3. On or about August 12, 2018, Jorge Alberto VELASQUEZ was arrested in Palm Beach County, Florida on charges of giving a false name while detained, resisting and obstructing without violence, and having an expired driver's license/over 4 months. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States, that is Jorge Alberto VELASQUEZ.

4.	A review of the immigration alien file assigned to Jorge Alberto VELASQUEZ shows that he is a native and citizen of El Salvador. Records further show that on or about October 24, 2007, Jorge Alberto VELASQUEZ was ordered removed. The Order of Removal was executed on or about April 4, 2008, whereby Jorge Alberto VELASQUEZ was removed from the United States and returned to El Salvador.

5.	On or about October 1, 2018, Deportation Officer Damian Weston took a sworn statement from Jorge Alberto VELASQUEZ. Post-Miranda, Jorge Alberto VELASQUEZ admitted to being a citizen of El Salvador, and to last entering into the United States illegally in 2018, after being previously removed from the United States in 2008. Jorge Alberto VELASQUEZ further admitted that he did not seek permission from the U.S. government to re-enter the United States.

6.	Records further show that on or about September 2, 2005, in the Criminal Division of the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Jorge Alberto VELASQUEZ was convicted of the offense of sale of cocaine, in case number 05-7422CFA02.

7.	United States Border Patrol Fingerprint Examiner John R. Solek conducted a fingerprint comparison in this case, which confirmed that the individual encountered on or about August 12, 2018, that is, Jorge Alberto VELASQUEZ, was the same person previously removed from the United States.

8.	I performed a record check in the Computer Linked Application Informational Management System to determine if Jorge Alberto VELASQUEZ

filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Jorge Alberto VELASQUEZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

9. Based on the foregoing, I submit that probable cause exists to believe that, on or about August 12, 2018, Jorge Alberto VELASQUEZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me this __1st__ day of October 2018.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Jorge Alberto VELASQUEZ

**Case No:** 18-8412-DLB

Count #: 1

Re-entry after removal

Title 8, United States Code, Sections 1326(a) and (b)(2)

*  **Max.Penalty**: 20 Years' Imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **18-8412-DLB**

**UNITED STATES OF AMERICA**

vs.

**Jorge Alberto VELASQUEZ,**
　　　　　　　**Defendant,**
_____/

FILED by _SP_ D.C.
OCT 0 1 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? Yes ___ No _X_

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? Yes ___ No _X_

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _(signature)_

Susan R. Osborne
Assistant United States Attorney
Court No. A5500797
500 South Australian Ave, Suite 400
West Palm Beach, Florida 33401
TEL (561) 209-1003